CHRISTINA MILLER v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

January 15, 1909.

Nos. 15,912—(184).

**Negligence—Insufficient Evidence.**

> Evidence referred to in the opinion *held* insufficient to charge the engineer, who was operating one of defendant's passenger engines, with negligence in failing to discover plaintiff's intestate upon the track in time to have avoided a collision with him.

Action in the district court for Scott county, by the representative of the estate of Emil Miller, deceased, to recover $5,000 damages for the death of her intestate. The case was tried before Morrison, J., who dismissed the action at the close of plaintiff's case. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*F. J. Leonard,* for appellant.

Miller was entitled to warning of approaching trains as a duty on the part of defendant. Erickson v. St. Paul & D. R. Co., 41 Minn. 500; Jacobson v. St. Paul & D. R. Co., 41 Minn. 206; Iltis v. Chicago, M. & St. P. Ry. Co., 40 Minn. 273; Klugherz v. Chicago, M. & St. P. Ry. Co., 90 Minn. 17. An employee does not assume any risk caused by a breach of his employer; he has a right to expect his employer to exercise ordinary care. Elliott, Railroads, § 1288. Ordinary care is "such care as the great majority of men would use under like or similar circumstances." 4 Am. & Eng. Enc. (1st Ed.) 22; McGrath v. Village, 73 Wis. 29; Marsh v. Benton, 75 Iowa, 469.

If the railroad company licenses or acquiesces in the use of its track or premises by others, it must exercise reasonable care not only to avoid injuring them after they are discovered to be in danger, but also to keep a careful lookout to discover and avoid injury to all who may be on their right of way or premises. Elliott, Railroads, § 1250; Hogan v. Chicago, M. & St. P. Ry. Co., 59 Wis. 139; Chicago, B. & Q. R.

[1] Reported in 119 N. W. 218.

Co. v. Wilgus, 40 Neb. 660; Johnson v. Lake Superior T. & T. Ry. Co., 86 Wis. 64; Smith v. Norfolk & S. R. Co., 114 N. C. 728; Pickett v. Wilmington & W. R. Co., 117 N. C. 616; Heiss v. Chicago, R. I. & P. Ry. Co., 103 Iowa, 590.

*John I. Dille* and *H. J. Peck,* for respondent.

BROWN, J.

Action to recover for the death of plaintiff's intestate, alleged to have been caused by the negligence of defendant. The action was dismissed at the close of plaintiff's evidence in the court below, and she appealed from an order denying a new trial.

Briefly stated, the facts are as follows: Deceased was in the employ of defendant as a coal shoveler at its sheds located at Merriam Junction. He had been so employed for about two years prior to his death. He resided with his family at Jordan, going from there to his work at the junction every morning and returning at night. The distance between the two places is about five miles, and at his request the company had furnished him with a railroad velocipede with which to convey himself back and forth. He usually employed this vehicle in going to and from his work, but occasionally made use of convenient trains, either passenger or freight. A regular passenger train to Minneapolis, which passes through Merriam Junction, leaves Jordan every morning at 7:04 o'clock, of which deceased had full knowledge for he frequently proceeded to his work by that train. On the morning of the accident resulting in his death, December 20, 1907, he started for the junction on his velocipede, and was overtaken by this train about two and one-half miles out of Jordan and killed. At the close of plaintiff's evidence defendant's counsel moved to dismiss the action on the grounds (1) that the evidence failed to make out a case of actionable negligence against defendant, and (2) that deceased was shown by the evidence to have been guilty of contributory negligence. As already stated, the motion was granted.

A careful consideration of the evidence, which is very brief, leads to an affirmance. The only negligence relied upon by plaintiff is the alleged failure of the engineer in charge of the train to keep a proper lookout for persons upon the track; that, had he been properly attending to this particular duty immediately before the accident, he

would have discovered deceased in time to have avoided the collision. The testimony is exceedingly meager on this subject. The court is asked to say that the engineer was negligent, from evidence to the effect that the vision of a person at the time of the accident was clear for a distance of nine hundred feet, and that the engineer, had he been looking ahead at that time, could have discovered deceased upon the track in time to have avoided striking him. No effort was made to show that the engineer's view was clear, aside from the fact that it was a clear, but frosty, morning, the moon was still in view, and a person could see the distance referred to; but whether the engineer's view was interrupted or obstructed by smoke or steam from his engine was not shown.

We take notice of the fact that day is just breaking at about seven o'clock on December 20; and this, in connection with the testimony that this particular morning was frosty, or, as expressed by one of the witnesses, "a little foggy," precludes the conclusion, on the evidence stated, that the engineer was guilty of negligence in not discovering deceased. An engineer, in the operation of his engine, has duties to perform other than keeping a constant lookout to determine whether the track is clear. While he cannot neglect this important matter, it would be extremely arbitrary to charge him with neglect of duty upon evidence so slight as that before us in this case. There is no evidence in the record that he had any reason to anticipate the presence of deceased or any other person upon the track at this early hour in the morning; and, though he was called as a witness by plaintiff at the trial, no effort was made to ascertain from him whether he was looking forward immediately before the accident, or whether his view was in any way obstructed by steam or smoke from the engine. His position should not be judged by that of a person standing in the open, with nothing to obstruct his view or divert his attention.

The claim of counsel that the train left two minutes ahead of time, and that, had it not done so, deceased would not have been overtaken, is not sustained by the evidence. While a hack driver testified that it so left, he further testified that he was not certain that his watch was right. There was no other evidence of a premature departure of the train.

Order affirmed.